IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| BILLY TYLER, | ) | |
|---|---|---|
| Plaintiff, | ) | 8:16CV71 |
| V. | ) | |
| TIMOTHY HIMES, Omaha Assistant City Attorney, | ) | **MEMORANDUM AND ORDER** |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on February 9, 2016. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts and initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff alleges his constitutional rights were violated when Defendant Timothy Himes asked Judge "Stratman" to eject Plaintiff from the courtroom in a state court proceeding. (Filing No. 1 at CM/ECF p. 1.) Plaintiff alleges that Defendant asked the judge to eject Plaintiff on the basis that Judge Gilbride "had issued [an] injunction." (*Id*.)

Plaintiff also contends that Defendant used his position as Omaha Assistant City Attorney to harass and intimidate Plaintiff. He seems to suggest that Defendant assaulted him by "getting in our line of sight wielding large knife in civic center." (Filing No. 1 at CM/ECF p. 2.) Defendant is sued in both his individual and official capacity.

Plaintiff seeks an award of $50,000,000.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

Plaintiff alleges that his First, Fourth, Fifth, Thirteenth, and Fourteenth Amendment rights were violated when he was removed from a courtroom in a state court proceeding. (Filing No. 1.) Plaintiff's complaint does not indicate whether he was a party or spectator in the state court action. In any event, Plaintiff's allegations fail to sufficiently allege a constitutional violation.

The mere fact that Plaintiff was escorted out of a courtroom does not constitute a violation of Plaintiff's constitutional rights. *See* [Haas v. Monier, No. NH CA 08-169-MML. 2009 WL 1277740, * 9 (D. N. H. April 24, 2009)](#) (finding that removal of a plaintiff from a courtroom was reasonable and did not violate his First Amendment rights). Moreover, Plaintiff has failed to plausibly suggest that Defendant was attempting to prevent speech. The fact that Defendant "took actions that led to Plaintiff being unable to speak to a courtroom official . . . is insufficient to state a claim." [Gaetani v. Hadley, No. 14-30057-MGM, 2016 WL 593496, *3 (D. Mass. Feb. 12, 2016)](#). Plaintiff has not alleged that he spoke in the courtroom, planned to speak in the courtroom, or that Defendant took action to prevent specific acts of speech.

Further, Plaintiff has not alleged or explained how he was subjected to an unlawful search of seizure. Also, he has not explained what procedural protections he was denied before being removed from the courtroom, or alleged that he was actually deprived of any liberty or property interest. *See* [Banuelos v. Martinez, No. 1:15-cv-00010-AWI-GSA, 2015 WL 3660261 (E.D. Cal. June 11, 2015)](#) (finding no Fourteenth Amendment violation occurred when plaintiff was removed from government property).

Additionally, at most, Plaintiff's allegations that Defendant intimidated and harassed Plaintiff by wielding [a] large knife" constitutes a state law tort claim, not a claim that can be pursued under [42 U.S.C. § 1983](#).

Out of an abundance of caution, the court will provide Plaintiff an opportunity to file an amended complaint that states a claim upon which relief may be granted. Plaintiff shall file his amended complaint no later than May 31, 2016. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1. Plaintiff shall file an amended complaint by May 31, 2016, that states a claim upon which relief may be granted against Defendant. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is directed to set a pro se case management deadline using the following text: May 31, 2016, check for amended complaint.

DATED this 29th day of April, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge